CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile: (808) 526-0307

MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile: (808) 376-8695

Attorneys for Plaintiff
John P. Varner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN P. VARNER,<br><br>    Plaintiff,<br><br>vs.<br><br>SUNRUN INSTALLATION SERVICES, INC.,<br><br>    Defendants. | CIVIL NO. _____<br><br>COMPLAINT; JURY DEMAND; SUMMONS |

## COMPLAINT

COMES NOW, Plaintiff JOHN P. VARNER, by and through his attorneys Charles H. Brower and Michael P. Healy, and for causes of action against Defendants, alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff JOHN P. VARNER (Hereinafter "VARNER") was at all times mentioned herein a resident of the City and County of Hilo, State of Hawaii, who now resides in the State of Washington

2. Defendant SUNRUN INSTALLATION SERVICES, INC. (hereinafter "SUNRUN") is at all times mentioned herein a foreign profit corporation incorporated in the State of Delaware with a principal place of business in the State of Hawaii.

3. Plaintiff was hired by Defendant SUNRUN on January 17, 2017.

4. Plaintiff was terminated from employment with Defendant SUNRUN on June 22, 2017, due to a disability and in retaliation for complaining about unlawful discrimination.

5. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) with was assigned EEOC No. 37B-2017-00330.

## JURISDICTION

6. The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990.

7. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Equal Employment Opportunity Commission ("EEOC") on May 25, 2018.

## STATEMENT OF FACTS

8. Plaintiff was hired by Defendant SUNRUN on January 17, 2017.

9. On February 17, 2017, Plaintiff submitted verbal and written requests to his managers Russell Nakahara (hereinafter "NAKAHARA") and Cynthia Luke (hereinafter "LUKE") for a reasonable accommodation for his physical disability. Plaintiff's requests for reasonable accommodations were ignored. Plaintiff had a disability related to his hip. He could not walk nor stand for long periods of time. His right leg is two inches shorter than his left leg.

10. On April 23, 2017, Plaintiff submitted a written request for a reasonable accommodation to Defendant SUNRUN's Human Resources Department. Plaintiff again did not receive a response to his request for reasonable accommodation. Plaintiff requested to be able to use a padded stool to sit down and take a break when needed.

11. After Plaintiff's requests for reasonable accommodations, Plaintiff began to receive emails from Defendant SUNRUN's Manager NAKAHARA, warning Plaintiff that his production was below company standards.

12. On May 31, 2017, NAKAHARA placed Plaintiff on a performance plan; however, NAKAHARA did not confer with Plaintiff regarding his performance.

13. On June 19, 2017, Plaintiff received written notice that he was being terminated from employment with Defendant SUNRUN, effective June 22, 2017.

14. Although Plaintiff had been placed on a performance plan, Plaintiff did not receive any prior notice that he was being subjected to termination from employment with Defendant SUNRUN.

15. Plaintiff was fully able to perform his job functions had he be given his request for reasonable accommodations for his disability.

16. Plaintiff was performing his job satisfactorily.

17. If not for Plaintiff's disability, requesting an accommodation, and for complaining about discrimination, Plaintiff would not have been terminated from employment with Defendant SUNRUN.

## STATEMENT OF CLAIMS

### COUNT I - DISABILITY DISCRIMINATION

18. Plaintiff incorporates paragraphs 1 through 17, as though fully set forth herein.

19. The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability.

20. The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

21. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

22. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

23. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

24. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A. For reinstatement to Plaintiff's position with Defendant with full benefits; and

B. For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C. For special damages, including back pay, front pay and other expenses; and

D. For punitive damages; and

E. For attorney's fees, costs, and interest, including prejudgment interest; and

F. For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED: Honolulu, Hawaii, August 22, 2018.

        /s/ Charles H. Brower
      CHARLES H. BROWER
      MICHAEL P. HEALY
      Attorneys for Plaintiff
      John P. Varner